1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

WILLIAM SASSMAN,

Plaintiff,

v.

EDMUND G. BROWN, JR., Governor of California, and JEFFREY A. BEARD, Secretary of the California Department of Corrections and Rehabilitation, in their official capacities, and DOES 1-10,

Defendants.

No.  2:14-cv-01679-MCE-KJN

**MEMORANDUM AND ORDER**

William Sassman ("Plaintiff") initiated this action against Edmund G. Brown, Jr. Governor of California, and Jeffrey A. Beard, Secretary of the California Department of Corrections and Rehabilitation, in their official capacities (collectively "Defendants"), and Does 1-10.  Plaintiff claims Defendants' exclusion of men from California's Alternative Custody Program ("ACP"), as authorized by California Penal Code section 1170.05, violates the Equal Protection Clause of the Fourteenth Amendment.  Presently before the Court is Plaintiff's motion to strike pursuant to Federal Rule of Civil Procedure 12(f) all of Defendants' affirmative defenses and Defendants' demand for jury trial.[1]  ECF

_____

[1] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

1

1   No. 20-1.  For the following reasons, Plaintiff's motion is GRANTED with leave to

2   amend.[2]

3

4                                     **ANALYSIS**

5

6         Plaintiff moved to strike all seven of the affirmative defenses set forth in

7   Defendants' answer, ECF No. 9, and Defendants' demand for a jury trial.  In response,

8   Defendants agreed to withdraw three of their defenses and their jury trial demand.  ECF

9   No. 28.  Defendants seek leave to amend their remaining defenses.[3]

10         The Court may strike "from any pleading any insufficient defense or any

11   redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f).  "[T]he

12   function of a 12(f) motion to strike is to avoid the expenditure of time and money that

13   must arise from litigating spurious issues by dispensing with those issues prior to

14   trial . . . ."  Sidney-Vinstein v. A.H. Robins Co., 697 F.2d 880, 885 (9th Cir. 1983).

15   "Immaterial matter is that which has no essential or important relationship to the claim for

16   relief or the defenses being pleaded."  Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527

17   (9th Cir. 1993), rev'd on other grounds 510 U.S. 517 (1994) (internal citations and

18   quotations omitted).  "Impertinent matter consists of statements that do not pertain, and

19   are not necessary, to the issues in question."  Id.

20         The Ninth Circuit has cautioned that a court may not resolve factual or legal

21   issues when deciding a motion to strike; rather, an assessment of the sufficiency of the

22   allegations should be left for adjudication on the merits.  Whittlestone, Inc. v. Handi–Craft

23   Co., 618 F.3d 970, 973 (9th Cir.2010).  Leave to amend should be freely given when a

24   claim is stricken, provided no prejudice results against the opposing party.  Wyshak v.

25   City Nat. Bank, 607 F.2d 824, 826 (9th Cir. 1979).

26           [2] Because oral argument will not be of material assistance, the Court orders this matter submitted
on the briefs.  E.D. Cal. Local R. 230(g).

27

28           [3] According to Defendants, they sought to obtain a stipulation from Plaintiff to amend their answer,
but no agreement from Plaintiff in that regard was forthcoming.  ECF No. 28 at 7.

1        Defendants concede that Plaintiff's Motion should be granted in part by

2   withdrawing a number of their defenses and their jury demand.  They also tacitly admit

3   that a number of their remaining defenses may be stricken by omitting any argument that

4   they are sufficient as pled and seeking only leave to amend.  Even in instances where

5   Defendants appear to believe their current allegations are sufficient, they nonetheless

6   propose amendments to add additional facts.  In fact, Defendants seek leave to amend

7   all of their remaining defenses.  As such, the bulk of the parties' arguments turn on the

8   sufficiency of Defendants' proposed amended pleading.  It is premature for this Court to

9   consider the parties' arguments that are directed at that not-yet-filed document, since no

10   leave to amend has yet been granted.  In the meantime, to the extent Plaintiff contends

11   that further amendment would be futile, that argument is rejected.

12        Accordingly, Plaintiff's Motion to Strike (ECF No. 20) is GRANTED, but with leave

13   to amend.[4]  Any amended answer must be filed not later than ten (10) days following the

14   date this Order is electronically filed.

15        IT IS SO ORDERED.

16   Dated:  October 29, 2014

17

18

19   _____

20   MORRISON C. ENGLAND, JR., CHIEF JUDGE
     UNITED STATES DISTRICT COURT

21

22

23

24

25

26

27   _____

28       [4] Once Defendants' amended answer is filed Plaintiff may, should he choose to, attack that document directly.

3