UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM SASSMAN,<br><br>   Plaintiff,<br><br>  v.<br><br>EDMUND G. BROWN, JR., Governor of California, and JEFFREY A. BEARD, Secretary of the California Department of Corrections and Rehabilitation, in their official capacities, and DOES 1-10,<br><br>   Defendants. | No. 2:14-cv-01679-MCE-KJN<br><br>**MEMORANDUM AND ORDER** |

  Plaintiff William Sassman ("Plaintiff") initiated this action against Defendants Edmund G. Brown, Jr., Governor of California, and Jeffrey A. Beard, Secretary of the California Department of Corrections and Rehabilitation ("CDCR"), in their official capacities (collectively "Defendants"). Plaintiff claimed Defendants' exclusion of men from California's Alternative Custody Program ("ACP"), as authorized by California Penal Code section 1170.05, violated the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. On September 9, 2015, this Court granted summary judgment in favor of Plaintiff and directed Defendants to permit male inmates to apply to the ACP. ECF No. 77. Presently before the Court are Defendants'

Motion to Modify Deadlines (ECF No. 83) and Plaintiff's Motion to Enforce Judgment (ECF No. 88). For the following reasons, the Motion to Modify Deadlines is GRANTED, and the Motion to Enforce Judgment is DENIED as moot.[1]

## ANALYSIS[2]

Defendants move pursuant to Federal Rule of Civil Procedure Rule 60(b),[3] for additional time in which to comply with the Court's September 9, 2015, order requiring that they allow male inmates to participate in the ACP. In that order, the Court directed as follows:

> Defendants are hereby enjoined and prohibited from applying and/or enforcing the female-only provisions of California Penal Code § 1170.05(a) and (c) in the implementation and administration of the ACP. CDCR shall immediately cease denying admission to the ACP on the basis that an applicant is male. Male prisoners shall be accepted into the ACP if they are otherwise eligible under Penal Code section 1170.05 and the implementing regulations. Within thirty (30) calendar days of the electronic filing of this Order, CDCR shall modify its website and any application forms, regulations, and materials provided to prisoners and the public about the ACP to remove any reference to the requirement that a prisoner must be female to apply or participate.

ECF No. 77. According to Defendants, they have begun accepting applications from male inmates, but CDCR's current infrastructure is not yet equipped to deal with the influx of applicants from its male prisons and camps. Plaintiff, of course, disagrees and seeks immediate enforcement of the judgment. Although the Court is sympathetic to Plaintiff's position, it finds Defendants' arguments more persuasive.

---

[1] Because oral argument would not have been of material assistance, the Court ordered this matter submitted on the briefs. E.D. Cal. Local R. 230(g).

[2] The facts pertaining to the ACP and the State's exclusion of men from that program are set forth in detail in the Court's memorandum and order granting Plaintiff's motion for summary judgment. See ECF No. 77.

[3] All further references to "Rule" or "Rules" are to the Federal Rules of Civil Procedure unless otherwise noted.

Rule 60(b) provides for reconsideration of a final judgment or any order where one of more of the following is shown: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which, with reasonable diligence, could not have been discovered within twenty-eight days of entry of judgment; (3) fraud, misrepresentation, or misconduct of an opposing party; (4) voiding of the judgment; (5) satisfaction of the judgment; and (6) any other reason justifying relief.  Fed. R. Civ. P. 60(b).  The final provision of Rule 60(b) permits courts to grant relief "whenever such action is appropriate to accomplish justice."  Mackey v. Hoffman, 682 F.3d 1247, 1251 (9th Cir. 2012) (citations and internal quotation marks omitted).  The moving party must show that "extraordinary circumstances" warrant relief.  Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 (1988).

In this case, extraordinary circumstances exist to permit Defendants additional time in which to comply with the Court's decision.  One very concrete impediment to an immediate implementation of the Court's order is the dramatic increase in both applications and potential participants, now that the ACP is open to all prisoners.  More specifically, when the Court issued its order in September, there were 64 female participants (out of a female inmate population of 5,200) in the ACP, and CDCR received from all four female institutions a total of approximately 100 new applications per month.  Defs.' Mot. at 2.  Over the next two months, Defendants received more than 1,500 applications from its 35 male institutions and camps, and CDCR anticipates that, going forward, it will receive approximately 800 additional applications per month from male prisoners.  Defs.' Mot. at 4; Defs.' Reply at 1.  Existing program resources are simply insufficient to accommodate this demand.  Defendants, however, have concluded that with some additional time, they will be able to allocate resources and train staff to ensure the effective roll-out of what was a small program on a large-scale basis.

Indeed, the Court is satisfied that Defendants are taking the necessary steps to comply with this Court's decisions and notes that they have already implemented those changes that were immediately feasible.  For example, CDCR has directed its male

institutions to begin accepting applications, it has modified its website to remove references limiting the ACP to females only, and it has begun modifying its forms and other materials. There are nonetheless changes that Defendants contend require an additional six months, such as: modification and promulgation of appropriate regulations, development of evaluation criteria directed at male applicants, location of community providers, allocation of financial resources, and identification and training of CDCR staff. The Court finds that Defendants' representations are credible and that six months is a reasonable period of time to roll out this modified program. Accordingly, the Court hereby extends the deadlines included in its September 9, 2015, order by six months to April 9, 2016.[4]

The Court understands Plaintiff's desire to expedite review of his application. But, as the Court has indicated previously, it is not in a position to direct the CDCR to give Plaintiff's request for release any favored treatment. See ECF No. 38 at 14 ("Given the discretionary nature of admittance into the ACP, Plaintiff has not shown that injunctive relief will result in him being accepted into the program."). In any event, the Court finds that Defendants have demonstrated extraordinary circumstances that warrant additional time for compliance. Indeed, the potential release of prisoners to serve the remainder of their sentences in the community is a sensitive undertaking that should not be improperly rushed. Given that Defendants seek only a relatively short extension of time in which to implement the Court-ordered changes to their Program, time in which they can reallocate resources and ensure proper staffing and training is available across its male institutions and in the community, relief is proper here.

///
///
///

---

[4] The Court determined this date is proper because it originally allowed Defendants a thirty-day compliance period. Extending that compliance period by six months would essentially set a new deadline seven months after the Court's original order was issued. The Court declines Defendants' request to set the modified deadlines based on the issuance of the current order.

**CONCLUSION**

For the reasons just stated, Defendants' Motion to Modify Deadlines (ECF No. 83) is GRANTED, and Plaintiff's Motion to Enforce Judgment (ECF No. 88) is DENIED. The deadlines set forth in the conclusion of the Court's September 9, 2015, Memorandum and Order (ECF No. 77), are hereby EXTENDED to April 9, 2016.

IT IS SO ORDERED.

Dated:  December 15, 2015

_____
MORRISON C. ENGLAND, JR, CHIEF JUDGE
UNITED STATES DISTRICT COURT